United States Bankruptcy Court

Eastern District of Pennsylvania

In re:  Case No. 15-17200-elf

Francisco Mendez  Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Mar 12, 2021 | Form ID: 3180W | Total Noticed: 6 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 14, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Francisco Mendez, 4220 Penn Street, Philadelphia, PA 19124-4519 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| smg | Email/Text: megan.harper@phila.gov | Mar 13 2021 03:30:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | + Email/Text: usapae.bankruptcynotices@usdoj.gov | Mar 13 2021 03:30:00 | U.S. Attorney Office, c/o Virginia Powel, Esq., Room 1250, 615 Chestnut Street, Philadelphia, PA 19106-4404 |
| 13694443 | + Email/Text: megan.harper@phila.gov | Mar 13 2021 03:30:00 | CITY OF PHILADELPHIA LAW DEPARTMENT - TAX UNIT, BANKRUPTCY GROUP - MSB, 1401 JOHN F. KENNEDY BLVD, 5TH FLOOR, PHILADELPHIA, PA 19102-1640 |
| 13634601 | Email/Text: Bankruptcy.Notices@pnc.com | Mar 13 2021 03:30:00 | PNC Bank, N.A., ATTN: Bankruptcy Department, 3232 Newmark Drive, Miamisburg, OH 45432 |
| 13642964 | EDI: PENNDEPTREV | Mar 13 2021 04:23:00 | Pennsylvania Department of Revenue, Bankruptcy Division PO Box 280946, Harrisburg, Pa. 17128-0946 |
| 13642964 | Email/Text: RVSVCBICNOTICE1@state.pa.us | Mar 13 2021 03:30:00 | Pennsylvania Department of Revenue, Bankruptcy Division PO Box 280946, Harrisburg, Pa. 17128-0946 |

TOTAL: 6

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| smg | * | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |

TOTAL: 0 Undeliverable, 1 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the**

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 2 of 2 |
| Date Rcvd: Mar 12, 2021 | Form ID: 3180W | Total Noticed: 6 |

**complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 14, 2021    Signature:    /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 11, 2021 at the address(es) listed below:

**Name**          **Email Address**

ANDREW F GORNALL
on behalf of Creditor PNC Bank  National Association agornall@kmllawgroup.com, bkgroup@kmllawgroup.com

KEVIN G. MCDONALD
on behalf of Creditor PNC Bank  National Association bkgroup@kmllawgroup.com

REBECCA ANN SOLARZ
on behalf of Creditor PNC Bank  National Association bkgroup@kmllawgroup.com

United States Trustee
USTPRegion03.PH.ECF@usdoj.gov

WILLIAM C. MILLER, Esq.
on behalf of Trustee WILLIAM C. MILLER  Esq. ecfemails@ph13trustee.com, philaecf@gmail.com

WILLIAM C. MILLER, Esq.
ecfemails@ph13trustee.com  philaecf@gmail.com

ZACHARY PERLICK
on behalf of Debtor Francisco Mendez Perlick@verizon.net  pireland1@verizon.net

TOTAL: 7

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | Francisco Mendez<br>First Name    Middle Name    Last Name | Social Security number or ITIN   xxx–xx–5858<br>EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN   _ _ _ _<br>EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | Eastern District of Pennsylvania | |
| Case number: | 15–17200–elf | |

# Order of Discharge                                                                                                12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Francisco Mendez

3/11/21                                                                                   **By the court:** Eric L. Frank
                                                                                                United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**
Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2>**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**